# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAVIS ANTHOWN COMUNDOIWILLA,<br><br>Plaintiff,<br><br>v.<br><br>R. LILES,<br><br>Defendant. | Case No. 1:10-cv-00845-AWI-DLB PC<br><br>**ORDER SETTING MATTER FOR SETTLEMENT CONFERENCE BEFORE MAGISTRATE JUDGE CRAIG M. KELLISON (ECF No. 21)**<br><br>November 15, 2012 at 9:00 a.m. |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. One April 12, 2012, the parties filed a Stipulation and Proposed Order Modifying the Pretrial Scheduling Order, wherein they stated that if the parties are not able to reach a settlement on their own accord, the matter could likely be resolved by way of a court ordered settlement conference. ECF No. 19. The parties have not yet reached a settlement; therefore, this case will be referred to United States Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2 on November 15, 2012 at 9:00 a.m.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on November 15, 2012, at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2.

2.  Defendant's lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendant's behalf shall attend in person[1].

3.  Those in attendance must be prepared to discuss the claims, defenses and damages.   The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

IT IS SO ORDERED.

Dated:   **August 20, 2012**              /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*,  871 F.2d 648, 653 (7th Cir. 1989), cited with approval in *Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part, Pitman v. Brinker Int'l, Inc.*, 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  *Pitman*, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).